UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAEL CHARLES DORISE,<br><br>    Petitioner,<br><br>    v.<br><br>B. M. TRATE,<br><br>    Defendants. | Case No. 1:22-cv-01423-JLT-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION**[1]<br><br>**14-DAY DEADLINE**<br><br>(Doc. 1) |

Petitioner Mikhael Charles Dorise ("Petitioner"), a federal prisoner previously incarcerated at USP Atwater,[2] filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 4, 2022. (Doc. 1). A preliminary screening of the petition reveals that it should be dismissed for lack of jurisdiction because it is properly construed as a petition under 28 U.S.C. § 2255, which must be filed in the sentencing court, and Petitioner's argument that he meets the "escape hatch" provision of § 2255(e) such that he can proceed under § 2241 is

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17) (E.D. Cal. 2022).

[2] Petitioner has since been transferred to Yazoo City FCI in Mississippi. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited April 14, 2025). However, the transfer does not impact jurisdiction. *See Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) (finding petitioner's "subsequent transfer does not destroy the jurisdiction established at the time of filing" the § 2241 petition).

foreclosed by the Supreme Court's ruling in *Jones v. Hendrix*, 599 U.S. 465 (2023).

### A. Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases ("Habeas Rules")[3] requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4. Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

### B. Procedural and Factual Background

Petitioner asserts in the petition that he was convicted and sentenced in the Southern District of Texas for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d); brandishing of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii); and being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), and 924(a)(2). (Doc. 1 at 2). Petitioner asserts that after sentencing, he appealed to the Fifth Circuit Court of Appeals, alleging he was not competent to represent himself at trial and was not a career offender. (*Id.*). Petitioner indicates he has not filed any previous petitions for habeas corpus under either § 2241 or § 2255. (*Id.* at 4).

The Court takes judicial notice of the public court records in Petitioner's underlying

---

[3] The Habeas Rules may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Habeas Rule 1. Separately, the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus to the extent not otherwise inconsistent with the Habeas Rules or federal statute, and so long as the practice in those proceedings has previously conformed to the practice of civil actions. Fed. R. Civ. P. 81(a)(4).

1    criminal case. *See* Fed. R. Evid. 201(b)(2); *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th

2    Cir. 2012). The docket in *United States v. Mikhael Charles Dorise*, Case No. 3:02-cr-00010

3    (S.D. Tex.) ("Crim. Dkt.") confirms that Petitioner was convicted and sentenced on October 26,

4    2004, to a total term of 411 months imprisonment on the offenses noted above. (Crim Dkt. Docs.

5    209, 215). On January 17, 2006, the Fifth Circuit in a per curiam, unpublished opinion affirmed

6    Petitioner's convictions and sentence.[4] 163 F. App'x 305, 306 (5th Cir. 2006). Contrary to his

7    representations, Petitioner filed two § 2255 petitions, which were both denied. (*See* Crim. Dkt.

8    Docs. 252, 268, 309, 311).

9    **C. Current Petition**

10   In his current § 2241 Petition, Petitioner seeks relief from his sentence because he is

11   "actually innocent of the career offender sentence under then mandatory pre-Booker guidelines"

12   and is "'factually innocent' of his state of Texas prior robbery conviction." (Doc. 1 at 3).

13   Relying on *Allen v. Ives*, 950 F.3d 1184 (9th Cir. 2020), Petitioner essentially argues the United

14   States Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis*

15   *v. United States*, 579 U.S. 500 (2016) "clarified the divisibility analysis" such that his prior

16   conviction under Texas Penal Code § 29.02 would not qualify as a predicate offense and he is

17   actually innocent of the career offender enhancement. (*See generally id.* at 6-9). Petitioner

18   asserts that § 2255 is inadequate and ineffective to address his claims because he has already filed

19   a previous § 2255, his current claims were not available at the time he filed his § 2255, and his

20   claims do not rely on a new rule of constitutional law. (*Id.* at 4).

21   **D. Discussion and Analysis**

22   Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner,

23   location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th

24   Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so

25   through a § 2255 motion. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited

---

[4] Despite his representation, Petitioner did not raise a claim that he was not a career offender to the appeals court. *See Dorise*, 163 F. App'x at 306 ("Dorise's sole issue on appeal is whether he was competent to waive his right to counsel.").

1    circumstances, federal prisoners may challenge the legality of their confinement through a § 2241
2    petition by using the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id.*
3    This provision permits a federal prisoner to challenge his confinement if he can establish that the
4    remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention."
5    28 U.S.C. § 2255(e); *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2002). The Ninth
6    Circuit has "held that a remedy under § 2255 is inadequate where the prisoner (1) makes a claim
7    of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim."
8    *Allen v. Ives*, 950 F.3d 1184, 1188 (9th Cir. 2020).

9    Like Petitioner here, the petitioner in *Allen* contended that following *Mathis* and
10   *Descamps*, which apply retroactively, his previous state conviction did not qualify as a predicate
11   crime. *Id.* The Ninth Circuit addressed "whether a petitioner who committed a crime that is not a
12   predicate crime may challenge his career offender status under § 2241." *Id.* The Ninth Circuit
13   answered the question in the affirmative because (1) if the petitioner prevailed on his claim that
14   his previous conviction was not a predicate conviction for career offender status, "the factual
15   predicate for his mandatory sentencing enhancement did not exist" such that "he is actually
16   innocent of the enhancement" and (2) the petitioner did not have an unobstructed procedural shot
17   because *Mathis* and *Descamps* were not decided until after his appeal and § 2255 motion and
18   "*Mathis* and *Descamps* do not meet the standard for a second or successive § 2255 motion
19   because they interpreted federal statutes, not the Constitution." *Id.* at 1189-1191.

20   However, since *Allen*, the Supreme Court has rejected the idea that a change in statutory
21   interpretation following an initial § 2255 petition is sufficient to allow a petitioner to bring a
22   subsequent challenge under § 2241. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). Specifically,
23   the Court held that § 2255(e)'s saving clause "does not permit a prisoner asserting an intervening
24   change in statutory interpretation to circumvent AEDPA's restrictions on second or successive
25   § 2255 motions by filing a § 2241 petition." *Id.* at 471. The Court explained:

26   > Section 2255(h) specifies the two limited conditions in which
27   > Congress has permitted federal prisoners to bring second or
     > successive collateral attacks on their sentences. The inability of a
28   > prisoner with a statutory claim to satisfy those conditions does not
     > mean that he can bring his claim in a habeas petition under the

4

saving clause. It means that he cannot bring it at all.

*Id.* at 480.

Here, Petitioner challenges the legality of his confinement but acknowledges that his claim does not fall under § 2255(h). (*See* Doc. 1 at 4) ("Petitioner does not rely on a new rule made constitutional … ."). Indeed, the cases upon which Petitioner relies (*Descamps* and *Mathis, see supra*) are cases of statutory interpretation and did not announce new rules of constitutional law. *See Ezell v. United States*, 778 F.3d 762, 763 (9th Cir. 2015) (addressing *Descamps*); *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (addressing *Mathis*). Under *Jones*, this Court lacks jurisdiction over his § 2241 petition. Accordingly, the petition must be dismissed.[5]

The Undersigned now turns to whether a certificate of appealability ("COA") should issue. *Harrison*, 519 F.3d at 958 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, a demonstration that...includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Here, the Undersigned finds that Petitioner has not shown that reasonable jurists would find it debatable that this Court lacks jurisdiction over Petitioner's savings clause claim. Therefore, the Undersigned will recommend the Court decline to issue a COA.

///

---

[5] At least one other district court where Petitioner brought a similar claim has already reached the same conclusion. *See Dorise v. Maruka*, No. 1:21-CV-00386, 2024 WL 3448475, at *6 (S.D.W. Va. June 3, 2024) (finding *Jones* "absolutely bars [Petitioner's] savings clause claim"), *report & recommendation adopted*, 2024 WL 3446333 (S.D.W. Va. July 17, 2024).

**RECOMMENDATION**

For the reasons discussed, this Court lacks jurisdiction over Petitioner's "escape hatch" claim. Accordingly, it is **RECOMMENDED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) be DISMISSED for lack of jurisdiction; and

2. The Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **14 days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 17, 2025**                                    _____
                                                                            UNITED STATES MAGISTRATE JUDGE

6