# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAEL CHARLES DORISE<br><br>          Petitioner,<br><br>     v.<br><br>B. M. TRATE,<br><br>          Respondent. | Case No. 1:22-cv-01423-JLT-CDB  (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING THE CLERK OF COURT TO CLOSE THE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br>(Doc. 1) |

Mikhael Charles Dorise is a federal prisoner proceeding pro se with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 17, 2025, the assigned magistrate judge issued Findings and Recommendations recommending that the § 2241 petition be dismissed for lack of jurisdiction under *Jones v. Hendrix*, 599 U.S. 465, 469 (2023), and that the court decline to issue a certificate of appealability. (Doc. 8.) The Court served the Findings and Recommendations on all parties and informed them that any objections were due in 14 days. (*Id.* at 6.) In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). No party filed objections, and the deadline to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Having found that Petitioner is not entitled to relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, … includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the determination the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 17, 2025 (Doc. 8) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.
3. The Clerk of the Court is directed to close the case.
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **May 20, 2025**

UNITED STATES DISTRICT JUDGE

2